2002 SD 147

**Michelle Ann Krause FORD,
Plaintiff and Appellee,**

v.

**Scott Harold FORD, Defendant
and Appellant.**

**No. 22313.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 2002.

Decided Nov. 26, 2002.

Karen A. Hattervig, Sioux Falls, South Dakota, Attorney for plaintiff and appellee.

Richard L. Johnson, Sioux Falls, South Dakota, Attorney for defendant and appellant.

PER CURIAM.

[¶ 1.] Scott Harold Ford (father) appeals an order declining jurisdiction over his motion to modify custody of his seven year old daughter, M.F. We affirm.

FACTS

[¶ 2.] Father and Michelle Anne Krause Ford (mother) were married in Sioux Falls in 1994 and divorced in 1996. One child, M.F., was born during the marriage. The parties entered into a divorce stipulation and settlement agreement granting custody of M.F. to mother with visitation rights granted to father. The stipulation was incorporated into a divorce decree entered in October 1996.

[¶ 3.] The parties engaged in series of minor legal disputes after their divorce. Most of these disputes were eventually resolved by stipulation and agreement. In August 1999, the parties entered into a stipulation permitting mother to move with M.F. from Sioux Falls to the State of Michigan. In exchange, father was granted extended summer and holiday visitations. The stipulation was approved by the circuit court on August 31, 1999. In October 2000, father filed a petition for modification of child support. The petition was referred to a referee whose recommendations were adopted in an order entered in December. In August 2001, the parties averted another child support dispute with their entry into a stipulation and agreement allowing for an abatement of a portion of father's support obligation during his extended visitations with M.F. That stipulation was adopted by a court order also entered in August.

[¶ 4.] On November 7, 2001, father filed a motion to modify M.F.'s custody. In support of his motion, father filed an affidavit alleging that M.F. had suffered

repeated bladder infections that he had, noted during his visitation periods. Father further alleged that he had obtained medical treatment for M.F., but that mother had resisted further testing. Father also alleged that mother was failing to provide proper dental care for M.F. and that M.F. was exhibiting unusual behavior patterns including anxiousness over use of the bathroom, anxiousness at discussions about returning to mother's home and the destruction of some of her toys. Father consulted a counselor about M.F.'s behavior and the counselor conducted four therapy sessions with M.F. At the conclusion of these sessions, the counselor expressed concerns for M.F.'s safety and well being while in mother's care. The counselor relayed these concerns to Child Protection Services in Michigan and recommended that a home study be completed at the home of M.F.'s mother and new stepfather.

[¶ 5.] Mother resisted father's motion to modify custody and filed a "reply affidavit" and motion to dismiss for lack of jurisdiction. Mother requested that the circuit court decline jurisdiction over the case alleging that most of the evidence concerning M.F.'s best interests would be in the State of Michigan. The circuit court conducted a hearing on December 12, 2001 and later entered findings of fact, conclusions of law and an order declining jurisdiction in the case and yielding jurisdiction to Michigan pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA). Father appeals.

### ISSUE

[¶ 6.] **Did the circuit court abuse its discretion in declining jurisdiction over the motion to modify custody?**

[¶ 7.] Father argues that the circuit court erred in declining jurisdiction under the UCCJA over his motion to modify M.F.'s custody. The standards for reviewing this argument were set forth in *Fuerstenberg v. Fuerstenberg*, 1999 SD 35, ¶ 20, 591 N.W.2d 798, 805:

> A court may nonetheless decline its jurisdiction "if it finds that it is an inconvenient forum to make a custody determination . . . and that a court of another state is a more appropriate forum." SDCL 26–5A–7. Ultimately, the question comes down to whether "it is in the interest of the child that another state assume jurisdiction." *Id.* In making this decision, a court should consider the following nonexclusive factors:
>
> (1) If another state is or recently was the child's home state;
>
> (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
>
> (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
>
> (4) If the parties have agreed on another forum which is no less appropriate.

This Court reviews decisions under SDCL 26–5A–7 under the abuse of discretion standard of review. *See Fuerstenberg*, 1999 SD 35 at ¶ 21, 591 N.W.2d at 806.

[¶ 8.] Here, the circuit court entered the following findings pertinent to the above factors: that the allegations made by father surround M.F.'s living conditions in Michigan and the medical and dental care provided to M.F. in Michigan; that most of the witnesses and evidence needed to make a well reasoned custody determination are in Michigan; that Michigan has a closer connection to M.F., mother and M.F.'s stepfather; and, that M.F.'s contacts with South Dakota since 1999 have

been for short periods of visitation with father. Based upon these findings, the circuit court determined that South Dakota is an inconvenient forum for determining custody in this matter and that Michigan provides the more convenient forum to determine father's motion to modify custody.

[¶ 9.] Father challenges none of the circuit court's findings as clearly erroneous and they appear to be supported by the record and reasonable inferences drawn from the record. Nevertheless, father argues that *Fuerstenberg, supra* should control this case. In *Fuerstenberg,* this Court upheld the circuit court's exercise of jurisdiction over a custody modification proceeding despite the fact that the child had lived in Minnesota with his mother for ten years after the divorce. This Court reached that result largely on the basis that the circuit court had entertained, without objection, many earlier legal proceedings concerning the child even though he was living in Minnesota with his mother. Father argues a similar record of legal proceedings exists here including child support and visitation disputes.

[¶ 10.] There is an important distinction between this case and *Fuerstenberg.* In *Fuerstenberg,* the circuit court determined that it would exercise jurisdiction over the case. Here, the circuit court declined jurisdiction. This is an important distinction because of the discretion a circuit court exercises in this area. That discretion was emphasized in *Fuerstenberg* as follows:

> [W]e recognize that this is a close question, considering that [the child's] home state for a decade was Minnesota, and that much of the dispute in this case converged around [the child's] care and education there. Several countervailing indicators point to Minnesota as a more convenient forum.... These matters

suggest that Minnesota would have been a convenient forum to litigate these intensely contested facts. Nonetheless, there is also evidence in the record to support the court's decision and we review judgments on whether to decline jurisdiction under SDCL 26–5A–7 pursuant to the deferential abuse of discretion standard. Therefore, finding no abuse, we affirm the trial court's denial of [mother's] motion to decline jurisdiction.

*Fuerstenberg,* 1999 SD 35 at ¶ 21, 591 N.W.2d at 806 (citations omitted).

[¶ 11.] In *Fuerstenberg, supra,* this Court yielded to the discretion of the circuit court in choosing to exercise jurisdiction on the basis of the pattern of legal proceedings that were conducted in this state subsequent to the divorce. That hardly stands for the proposition advocated by father here that a pattern of subsequent legal proceedings *mandates* a circuit court's exercise of jurisdiction over a custody modification proceeding.

[¶ 12.] Rather than *Fuerstenberg,* this case is far more similar to *Miley v. Miley,* 1999 SD 96, 598 N.W.2d 228 where the circuit court also declined to exercise jurisdiction over a custody modification proceeding under SDCL 26–5A–7. In *Miley,* the mother requested modification of child custody where the father and three children had lived out-of-state for over four years. In upholding the circuit court's decision to decline jurisdiction, this Court observed:

> Father and the children had lived in Arizona for four years. There they had attended school and church, received counseling, participated in activities, and lived in the same household as an uncle. Evidence regarding the last four years of their life, most of it free from South Dakota court involvement, is more readily available in Arizona. Their South

Dakota experience in these years was limited to a week at Christmas and eight weeks during the summer with maternal relatives.

... Up-to-date evidence of the children's present or future care, protection, training, and personal relationships is more readily available in their home state of Arizona. There was no abuse of discretion.

*Miley,* 1999 SD 96 at ¶¶ 15 & 16, 598 N.W.2d at 231.

[¶ 13.] Most of these same factors are present here albeit that the South Dakota Circuit Court has had some involvement in M.F.'s life subsequent to the divorce. This should hardly be considered controlling, however, in view of the fact that most of this involvement was in legal proceedings resolved by stipulation and agreement that did not require significant fact finding by the court concerning M.F.'s status.

[¶ 14.] Based upon the foregoing, the circuit court order declining jurisdiction in this custody modification case is affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, and AMUNDSON, Retired Justice, participating.

[¶ 16.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.