2004 SD 87

**Melanie REGALADO, Plaintiff
and Appellee,**

v.

**Ardith Jean Ferguson MATHIESON,
Defendant and Appellant.**

No. 23026.

Supreme Court of South Dakota.

Considered on Briefs June 1, 2004.

Decided June 30, 2004.

Stanley E. Whiting, Winner, South Dakota, Attorney for plaintiff and appellee.

Neil Carsrud, Dakota Plains Legal Services, Mission, South Dakota, Attorney for defendant and appellant.

Sandy J. Steffen of Johnson, Eklund, Nicholson, Peterson & Fox, Gregory, South Dakota, Attorneys for appellees Minor Children.

GILBERTSON, Chief Justice.

[¶ 1.] Mother appeals from a trial court's dismissal of an action initiated by

Grandmother pursuant to SDCL 25-5-29 *et seq.* seeking custody of Mother's two children, T.H.M and M.M.M. On appeal, Mother argues the trial court abused its discretion when it dismissed the action based on its finding South Dakota was an inconvenient forum. Mother also contends the trial court committed reversible error when it declined to communicate with a California court in which Grandmother had commenced a separate guardianship proceeding. Finally, Mother renews her previous argument that SDCL 25-5-29 *et seq.* is not the proper statutory scheme under which a non-parent may initiate a custody proceeding based upon allegations of abuse and neglect. For the reasons articulated herein, we affirm the trial court's order dismissing the action.

## FACTS AND PROCEDURE

[¶ 2.] This appeal marks the third time these parties have been before this Court. *In Matter of the Guardianship and Conservatorship for T.H.M. and M.M.M.*, 2002 SD 13, 640 N.W.2d 68 (*T.H.M.I*), we reversed a trial court's termination of Mother's custodial rights based upon its determination that the children were abused and neglected. In the opinion, a three-justice majority held that Grandmother could not use the South Dakota Guardianship and Conservatorship Act, set forth in SDCL ch. 29A-5, to gain custody of the children based upon allegations of abuse and neglect. *Id.* ¶¶ 9-10, 640 N.W.2d 68. Rather, the majority believed that SDCL ch. 26-7A and 26-8A were the proper statutes under which to adjudicate custody

based on allegations of abuse and neglect. *Id.* ¶ 10, 640 N.W.2d 68. We remanded the case and directed the trial court to:

[O]rder DSS to intervene in this action pursuant to its statutory duty under SDCL 26-8A-9, pending an adjudication of the abuse and neglect proceedings.

*Id.* ¶ 16, 640 N.W.2d 68.

[¶ 3.] On remand, DSS failed to conduct an abuse and neglect investigation as to T.H.M and M.M.M., and, as a result, the state's attorney stated that she had no basis for filing an abuse and neglect proceeding.[1] The trial court took the matter under consideration. In the meantime, Grandmother initiated the action underlying the present appeal seeking custody of the children under SDCL 25-5-29 and 25-5-30, statutes enacted after this Court's decision in *T.H.M I*, which permit a non-parent to pursue custody under certain circumstances. The trial court then dismissed the original guardianship proceedings and allowed Grandmother to proceed under SDCL 25-5-29 *et seq.* We summarily affirmed the trial court's dismissal of the original guardianship proceedings in *Matter of the Guardianship and Conservatorship for T.H.M. and M.M.M.*, 683 N.W.2d 423 (Table) (2004) (*T.H.M.II*).

[¶ 4.] Although she initiated the second action, Grandmother subsequently moved for a dismissal under SDCL 26-5A-7 on the grounds South Dakota was an inconvenient forum to make a custody determination. After conducting a hearing, the trial court dismissed the action and yielded jurisdiction to California under the Uniform Child Custody Jurisdiction Act (UC-

---

1. SDCL 26-7A-43 provides in part, "[a] state's attorney *may* file with the clerk of courts a written petition alleging a child ... to be an abused or neglected child[.]" (emphasis added). The statute further provides that "[i]f the petition is signed by a party other than the state's attorney, the petition shall be verified."

Based on the clear language of the statute, it was within the state's attorney's discretion whether to file an abuse and neglect proceeding. Because the opinion in *T.H.M. I* contemplated the action proceeding under the abuse and neglect statutes, and considering the state's attorney did not commence such a proceeding, the trial court had no alternative but to dismiss the action.

CJA), codified by South Dakota at SDCL ch. 26–5A. Mother now appeals raising three issues for our review:

1. Whether the trial court abused its discretion in dismissing the action based upon its finding South Dakota was an inconvenient forum pursuant to SDCL 26–5A–7.

2. Whether the trial court committed reversible error when it declined to communicate with the California court.

3. Whether Grandmother may seek custody of the children under SDCL 25–5–29 based upon allegations of abuse and neglect.

## STANDARD OF REVIEW

[¶ 5.] We employ the abuse of discretion standard when reviewing a trial court's decision to decline jurisdiction as an inconvenient forum under the UCCJA. *Ford v. Ford,* 2002 SD 147, ¶ 7, 655 N.W.2d 85, 86; *Fuerstenberg v. Fuerstenberg,* 1999 SD 35, ¶ 16, 591 N.W.2d 798, 804 (citation omitted). Questions of law, such as statutory construction, are reviewed de novo with no deference afforded the trial court's decision. *T.H.M. I,* 2002 SD 13, ¶ 7, 640 N.W.2d at 70–71 (citation omitted). Findings of fact, however, will not be overturned unless they are clearly erroneous. *City of Deadwood v. Summit, Inc.,* 2000 SD 29, ¶ 9, 607 N.W.2d 22, 25. "Clear error is shown only when, after a review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *Id.*

## ANALYSIS AND DECISION

[¶ 6.] **1. Whether the trial court abused its discretion in dismissing the action based upon its finding South Dakota was an inconvenient forum pursuant to SDCL 26–5A–7.**

[¶ 7.] After conducting a hearing with the attorneys for Mother, Grandmother, and the children, the trial court granted Grandmother's motion to dismiss this guardianship action based upon its finding that South Dakota was an inconvenient forum in which to make a custody determination. Mother believes the trial court abused its discretion in making this determination, and she urges this Court to reverse the trial court and reinstate the custody proceedings in South Dakota. Following a careful review of the lengthy proceedings underlying this appeal, however, we believe the trial court reasonably exercised its discretion in determining South Dakota to be an inconvenient forum for purposes of the UCCJA under the particular facts of this case.

[¶ 8.] Under both the UCCJA and the Parental Kidnapping Prevention Act (PKPA), "the state granting the original custody decree maintains exclusive continuing jurisdiction to modify custody decrees so long as the child or one of the contestants remains in that state." *Fuerstenberg,* 1999 SD 35, ¶ 19, 591 N.W.2d at 805; SDCL 26–5A–14; 28 USC § 1738A(d). Here, a South Dakota court made the initial custody determination, and Mother continues to reside in this state; therefore, the trial court clearly had jurisdiction to entertain Grandmother's action to seek custody of the children. Under South Dakota's codified version of the UCCJA, however, a court may decline to exercise jurisdiction "if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." SDCL 26–5A–7. In making this decision, a trial may consider the following nonexclusive factors:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) If the parties have agreed on another forum which is no less appropriate.

*Id.* "Ultimately, the question comes down to whether 'it is in the interest of the child that another state assume jurisdiction.'" *Fuerstenberg,* 1999 SD 35, ¶ 20, 591 N.W.2d at 805 (quoting SDCL 26–5A–7).

■ [¶ 9.] Here, the trial court determined the factors set out in SDCL 26–5A–7 militated against South Dakota exercising jurisdiction. First, the court noted the children have been living with Grandmother in California for over four years. The trial court further determined the children had closer connections with California and that evidence concerning the children's current or future well-being was more readily available in that state. Central to the court's analysis were the findings of fact and conclusions of law entered after the initial custody proceedings. These findings detailed the children's involvement in numerous activities in California including basketball, soccer, and dance, along with their participation in church, youth groups and Sunday school. Additionally, the court found the children were involved in both individual and group counseling in California. Perhaps most importantly, the court found that the children had only received proper dental and medical care since their relocation to California, a significant finding given the necessity of T.H.M.'s seeing a cardiac specialist for a heart valve problem. These findings were based to a great extent upon the observation of numerous witnesses who appeared in person or by deposition at the initial custody proceedings.

■ [¶ 10.] Under the particular circumstances of this case, the trial court's findings of fact appear to be supported by the record and all reasonable inferences drawn therefrom. In light of these findings, the trial court determined a California court would be better suited to make a custody determination concerning T.H.M. and M.M.M. We afford the trial court wide latitude in making such determinations, whether it chooses to exercise or decline jurisdiction. *See Ford,* 2002 SD 147, ¶ 11, 655 N.W.2d at 87; *Fuerstenberg,* 1999 SD 35, ¶ 21, 591 N.W.2d at 806. Our review of the record before us strongly suggests the trial court did not abuse its discretion in deferring to the California court's jurisdiction. Current evidence concerning the children's care, protection, training, and personal relationships will be more readily available in that jurisdiction where the children have resided for well over four years. While we acknowledge Mother may experience some hardship in defending a custody proceeding in California, the interests of T.H.M. and M.M.M. must be considered paramount. Accordingly, we find no abuse of discretion in this case.

[¶ 11.] **2. Whether the trial court committed reversible error when it declined to communicate with the California court.**

■ [¶ 12.] For her second point of error, Mother argues that the trial court committed reversible error when it declined to directly communicate with the California court wherein Grandmother had commenced a separate custody proceeding. At a hearing on Grandmother's motion to dismiss, the trial court stated, "It seems to me that [talking to the California court] would be a futile gesture at this time." The court made this statement after deter-

mining South Dakota to be an inconvenient forum for the custody proceedings. Mother believes the trial court's decision runs counter to language in SDCL 26–5A–6 stating that "[i]f the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court in order that the issues may be litigated in the more appropriate forum."

[¶ 13.] Given the context of the trial court's decision, we do not believe the trial court committed reversible error when it failed to communicate with the California court. As we explained *In The Matter of the Termination of the Parental Rights Over M.C.S.*, "[o]nce it is determined that jurisdiction exists ... the court must determine whether jurisdiction should be exercised in view of SDCL 26–5A–6 (simultaneous proceedings in other states) [and] 26–5A–7 (inconvenient forum)[.]" 504 N.W.2d 322, 326 (S.D.1993). Here, because the trial court entered the initial custody determination underlying these proceedings and considering Mother still resides in South Dakota, it clearly had continuing jurisdiction under the UCCJ. *Fuerstenberg*, 1999 SD 35, ¶ 19, 591 N.W.2d at 805; SDCL 26–5A–14; *see* 28 USC § 1738A(d) (continuing jurisdiction under the PKPA). The trial court, however, ultimately declined to exercise jurisdiction given its inconvenient forum analysis pursuant to SDCL 26–5A–7 and dismissed Grandmother's action. Thus, under these circumstances, informing the California court would seem to have accomplished little and no real prejudice is shown. Mother's argument under this issue fails.

[¶ 14.] **3. Whether Grandmother may seek custody of the children under SDCL 25–5–29 based upon allegations of abuse and neglect.**

[¶ 15.] Mother renews an argument she presented to this Court in her last appeal, *T.H.M. II,* asserting that Grandmother may not seek custody of the children under SDCL 25–5–29 based upon allegations of abuse and neglect. Instead, Mother submits that such a proceeding must be commenced under SDCL ch. 26–7A and 26–8A involving abuse and neglect proceedings conducted by the state. Mother grounds her argument in this Court's analysis in *T.H.M. I* finding that the South Dakota Guardianship Act, found at SDCL ch. 29A–5, was "not the proper means of transferring custody from a parent to a non-parent without a prior determination of a parent's unfitness." 2002 SD 13, ¶ 9, 640 N.W.2d at 71. The opinion concluded that custody determinations based upon allegations of abuse and neglect must be conducted pursuant to SDCL 26A–7A and 26A–8A with the accompanying "constitutional safeguards embedded within [these] chapters" that were not included in the general Guardianship Act. *Id.* ¶ 10, 640 N.W.2d 68.

[¶ 16.] Subsequent to our decisions in *T.H.M. I* and the well-publicized case of *Meldrum v. Novotny*, 2002 SD 15, 640 N.W.2d 460, the Legislature enacted SDCL 25–5–29 through 25–5–34. This statutory scheme permits a non-parent to pursue custody in certain situations:

Except for proceedings under chapter 26–7A, 26–8A, 26–8B, or 26–8C, the court may allow any person other than the parent of a child to intervene or petition a court of competent jurisdiction for custody or visitation of any child with whom he or she has served as a primary caretaker, has closely bonded as a parental figure, or has otherwise formed a significant and substantial relationship. It is presumed to be in the best interest of a child to be in the care, custody, and control of the child's parent, and the parent shall be afforded the constitutional protections as determined

by the United States Supreme Court and the South Dakota Supreme Court. A parent's presumptive right to custody of his or her child may be rebutted by proof:

(1) That the parent has abandoned or persistently neglected the child;

(2) That the parent has forfeited or surrendered his or her parental rights over the child to any person other than the parent;

(3) That the parent has abdicated his or her parental rights and responsibilities; or

(4) That other extraordinary circumstances exist which, if custody is awarded to the parent, would result in serious detriment to the child.

SDCL 25–5–29. Circumstances suggesting serious detriment to a child are further defined in SDCL 25–5–30.[2] Additionally, SDCL 25–5–32 allows custody to be transferred to a non-parent without terminating parental rights over a child.

■■■ [¶ 17.] Mother maintains Grandmother may not seek custody of the children under this statutory scheme based upon allegations of abuse and neglect.

While the argument's basic premise may merit attention by this Court, it is a question that cannot be addressed on this particular appeal.[3] First, as to Mother's case, the issue is moot. We have already determined the trial court acted within its discretion to decline jurisdiction and dismiss the action. Thus, Grandmother will not be proceeding in a South Dakota court arguing the application of SDCL 25–5–29. "[P]rinciples of judicial restraint dictate that when an issue effectively disposes of the case, other issues that are presented should not be reached." *Thompson v. Summers,* 1997 SD 103, ¶ 24, 567 N.W.2d 387, 395, n. 8 (Miller, C.J., concurring in result).

■■■ [¶ 18.] Moreover, the substance of Mother's argument concerns SDCL 25–5–29's assurance "the parent shall be afforded the constitutional protections as determined by the United States Supreme Court and the South Dakota Supreme Court." As Mother posits in her appellate brief "[o]ne is left to wonder just what a trial court will say those rights are." Although not specifically framed as such, Mother's argument essentially raises a

2.  According to SDCL 25–5–30:

    Serious detriment to a child may exist whenever there is proof of one or more of the following extraordinary circumstances: (1) The likelihood of serious physical or emotional harm to the child if placed in the parent's custody; (2) The extended, unjustifiable absence of parental custody; (3) The provision of the child's physical, emotional, and other needs by persons other than the parent over a significant period of time; (4) The existence of a bonded relationship between the child and the person other than the parent sufficient to cause significant emotional harm to the child in the event of a change in custody; (5) The substantial enhancement of the child's well-being while under the care of a person other than the parent;

(6) The extent of the parent's delay in seeking to reacquire custody of the child; (7) The demonstrated quality of the parent's commitment to raising the child; (8) The likely degree of stability and security in the child's future with the parent; (9) The extent to which the child's right to an education would be impaired while in the custody of the parent; or (10) Any other extraordinary circumstance that would substantially and adversely impact the welfare of the child.

3.  Arguably, as to this particular set of facts and parties, the issue is also res judicata. Mother raised the exact same argument during her most recent appeal, and we summarily affirmed the trial court despite this argument. *See* SDCL 15–26A–87.1(E) (allowing use of decisions rendered under the statute "when the decision establishes the law of the case, res judicata or collateral estoppel").

constitutional challenge to the statute itself. SDCL 15–6–24(c) provides:

> When the constitutionality of an act of the Legislature affecting the public interest is drawn in question in any action to which the state or an officer, agency or employee of the state is not a party, the party asserting the unconstitutionality of the act *shall* notify the attorney general thereof within such time as to afford him the opportunity to intervene.

(emphasis added). Here, Mother failed to provide notice to the Attorney General of her constitutional challenge to SDCL 25–5–29. Generally, this Court "will not rule on the constitutionality of a statute unless the Attorney General has been notified because when an adjudication of unconstitutionality may seriously affect the general public, it is proper for the Attorney General to appear on behalf of the Legislature and the people." *West Two Rivers Ranch v. Pennington County*, 1996 SD 70, ¶ 15, 549 N.W.2d 683, 687 (citing *Sharp v. Sharp*, 422 N.W.2d 443, 446 (S.D.1988); *Sioux Falls Argus Leader v. Young*, 455 N.W.2d 864, 870 (S.D.1990)).

[¶ 19.] The Legislature enacted SDCL 25–5–29 *et seq.* after this Court's decisions in *T.H.M. I*, 2002 SD 13, 640 N.W.2d 68, and *Novotny*, 2002 SD 15, 640 N.W.2d 460, in order to allow a non-parent to seek custody under certain circumstances. We will not entertain a constitutional challenge to this statutory scheme without the benefit of argument by the Attorney General.

[¶ 20.] For the reasons set forth herein, the judgment of the trial court dismissing Grandmother's action is affirmed.

[¶ 21.] SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.