# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

DAMON ISIAH MARTIN,

　　　　　Defendant-Appellant.

UNPUBLISHED
March 24, 2016

No. 323096
Kent Circuit Court
LC No. 14-000416-FH

Before: METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant Damon Isiah Martin was convicted by a jury of felon in possession of a firearm, MCL 750.224f; three counts of intentionally discharging a firearm at a dwelling or potentially occupied structure, MCL 750.234b; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 4 to 10 years' imprisonment for his felon-in-possession conviction, 3 to 8 years' imprisonment for each of his discharging-a-firearm convictions, and 2 years' imprisonment for his felony-firearm conviction. We affirm his convictions but remand for further proceedings regarding sentencing.

Defendant first argues that defense counsel was ineffective for failing to object to alleged character evidence admitted through the testimony of defendant's ex-wife, Ariesa Martin. Specifically, Ariesa made multiple statements while testifying that indicated that defendant had "stalked" her, threatened to "shoot up" her mother's house, and threatened to "shove a gun down" her boyfriend's throat. Because this issue is unpreserved, our review is limited to mistakes apparent in the lower court record. *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998). To obtain relief, defendant must establish that counsel's performance fell below an objective standard of reasonableness and that but for counsel's error, there is a reasonable probability that the outcome of defendant's trial would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (citation and quotation marks omitted).

Even if we were to find that defense counsel's performance fell below an objective standard of reasonableness because of the failure to object to Ariesa's testimony, defendant has not met his burden of establishing prejudice. See *id*. Although Ariesa's testimony regarding defendant's prior behavior and statements was inflammatory, we do not believe that the impact

-1-

of her testimony—and defense counsel's failure to object—affected the jury's verdict. Michael Mowery testified that approximately two weeks before the charged incident occurred, defendant stopped at Mowery's house. Defendant remained in his car, and Mowery saw a gun on his lap. Ariesa testified that defendant told her that he made sure that Mowery saw the gun and that he was upset with Mowery because Mowery, with a smirk on his face, told him that Ariesa was dating someone. Then, in the very early morning hours of November 4, 2013, multiple gunshots struck Mowery's house and two other houses located nearby. Bullet holes were also discovered in Mowery's car. Telephone records placed defendant in the area of the shootings when they occurred, and he was arrested in the same area for operating a vehicle while intoxicated. At the time he was arrested, defendant told the officer that the officer "got the wrong guy." Ariesa also testified that defendant called her and told her he "did it," meaning he "shot [her] boy's house" and car. Ariesa believed that defendant was referring to Mowery. Moreover, .40-caliber shell casings were found in defendant's car and were connected to the shell casings collected from the houses that had been shot. In light of the ample evidence presented in support of defendant's guilt of the charged crimes, Ariesa's testimony was not so prejudicial so as to undermine confidence in the outcome of trial. *Id.* Thus, we do not find defense counsel ineffective for failing to object.

Next, defendant argues that the trial court erred in applying the "res gestae" concept to admit evidence of a shooting that occurred earlier in the night, around 9:00 p.m., before the shooting giving rise to his convictions. The trial court admitted this evidence as "non-404(b)" evidence, presumably based on its belief that there existed a "res gestae" exception to MRE 404(b). Because defendant failed to object to the admission of the evidence on this ground,[1] our review is limited to ascertaining whether plain error occurred that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Recently, in *People v Jackson*, 498 Mich 246, 265; 869 NW2d 253 (2015), the Michigan Supreme Court held that there was no "res gestae" exception to MRE 404(b). Before *Jackson*, such an exception was recognized on the basis of the Court's decisions in *People v Delgado*, 404 Mich 76; 273 NW2d 395 (1978), and *People v Sholl*, 453 Mich 730; 556 NW2d 851 (1996). "Res gestae" evidence was defined as evidence of another criminal act that was "so blended or connected with the crime of which [the] defendant is accused that proof of one incidentally involves or explains the circumstances of the crime." See *Delgado*, 404 Mich at 83 (citations and quotation marks omitted). In *Jackson*, 498 Mich at 268-269, it was determined that such evidence may be admissible; however, it remains subject to scrutiny under MRE 404(b).

In order to determine whether the trial court erred in failing to conduct an MRE 404(b) analysis, we must consider whether the challenged evidence falls within the scope of evidence contemplated by MRE 404(b). See *id*. at 274-276. "[B]y its plain terms, MRE 404(b) only

---

[1] Our review of the record establishes that defendant only objected to this evidence based on a lack of notice under MRE 404(b)(2). An objection on one ground is insufficient to preserve appellate review on a different ground. *People v Kimble*, 470 Mich 305, 309; 684 NW2d 69 (2004).

applies to evidence of crimes, wrongs, or acts 'other' than the 'conduct at issue in the case' ";
thus, "acts comprised by or directly evidencing the 'conduct at issue' are not subject to scrutiny
under MRE 404(b)." *Id*. at 262. Other-acts evidence, instead, encompasses evidence that is
"offered to provide inferential support for the conclusion that the charged conduct did, in fact,
occur as alleged . . . ." *Id*. at 263. Here, defendant was charged with three counts of discharging
a firearm at a dwelling, specifically pertaining to a series of shootings that occurred around 12:45
a.m. on November 4, 2013. Evidence of the shooting that occurred at 9:00 p.m. on November 3,
2013, was, thus, not the "conduct at issue," nor did it provide direct evidence of the conduct at
issue. See *id*. Rather, given the gap in time between the shootings and the lack of evidence of
what transpired during that period, we find that the earlier shooting was a "wholly distinct
occurrence" from the charged crimes. See *id.* at 272.

Nevertheless, despite the court's failure to analyze the evidence under MRE 404(b),
defendant has not established that any error affected his substantial rights. *Carines*, 460 Mich at
763. Indeed, despite the trial court's failure to consider MRE 404(b), the evidence would have
been admissible under this rule. Under MRE 404(b), evidence of crimes, wrongs, or other acts is
inadmissible to show a defendant's propensity to act in conformity with those acts. *People v
Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). However, MRE 404(b) "does not
prohibit all evidence of other acts that risks this character-to-conduct inference . . . ." *Jackson*,
498 Mich at 259. Other-acts evidence may be admissible under MRE 404(b) if it is offered for a
proper, non-propensity purpose. *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d
888 (2000). MRE 404(b) challenges are analyzed under a four-part approach in which the
following is considered:

> First, that the evidence be offered for a proper purpose under Rule 404(b); second,
> that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the
> probative value of the evidence is not substantially outweighed by unfair
> prejudice; fourth, that the trial court may, upon request, provide a limiting
> instruction to the jury. [*People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114
> (1993), amended 445 Mich 1205 (1994).]

The evidence of the earlier shooting in this case was logically relevant to prove a
common scheme or plan. See MRE 404(b). Evidence is relevant to show a common scheme or
plan when the charged crime and the prior act "are sufficiently similar to support an inference
that they are manifestations of a common plan, scheme, or system." *Sabin (After Remand)*, 463
Mich at 63. Here, the earlier shooting occurred in a "sufficiently similar" fashion to the later
shooting; they occurred hours apart on the same night in the same neighborhood. Also, during
both incidents, the perpetrator drove a vehicle by a house, shot a gun multiple times in the
house's direction, and drove away. Shell casings were collected after each incident outside of
the houses where the gunshots were heard. The shell casings from both shootings were
ultimately connected to each other as being shot from the same firearm and to other shell casings
located in defendant's vehicle. Given these similarities, evidence of the earlier shooting was
admissible to support an inference of a common scheme or plan. *Id.*

Moreover, the probative value of the evidence was not substantially outweighed by the
danger of unfair prejudice. MRE 403. Evidence of the earlier shooting was relatively brief; it
did not "delve into unnecessary detail or unduly invite the jury to draw an impermissible

character-to-conduct inference . . . ." *Jackson*, 498 Mich at 277. Accordingly, "notwithstanding the trial court's failure to properly analyze" the evidence of the earlier shooting under MRE 404(b), *Jackson*, 498 Mich at 278, it was nevertheless admissible. Defendant has, therefore, not established that any error affected his substantial rights. *Carines*, 460 Mich at 763.

Defendant also argues that the trial court erred in failing to provide a limiting instruction with respect to this evidence. Although a limiting instruction regarding the evidence would have been appropriate and could have limited the potential for undue prejudice, *People v Murphy (On Remand)*, 282 Mich App 571, 583; 766 NW2d 303 (2009), defendant never requested such an instruction. According to *VanderVliet*, 444 Mich at 55, "the trial court may, *upon request*, provide a limiting instruction to the jury" regarding its consideration of other-acts evidence. Nevertheless, defendant cannot show that his substantial rights were affected by the failure to give a jury instruction. *Carines*, 460 Mich at 763. The jurors were instructed at the end of trial with regard to which victims each charge pertained. Jurors are presumed to follow their instructions. *People v Waclawski*, 286 Mich App 634, 674; 780 NW2d 321 (2009).

Next, defendant argues that testimony from Sheila Brow, a crime scene technician, violated his constitutional right to confrontation. Brow testified with respect to evidence from the earlier shooting, which was collected by a different technician and placed in an evidence envelope. Brow testified regarding the label on that envelope, which specified that the envelope contained shell casings from the location of the 9:00 p.m. shooting. Because defendant failed to raise his challenge to this testimony in the trial court, our review is for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

A criminal defendant is guaranteed the right to confront the witnesses against him or her under the United States and Michigan Constitutions. US Const, Amend VI; Const 1963, art 1, § 20; *Crawford v Washington*, 541 US 36, 54; 124 S Ct 1354; 158 L Ed 2d 177 (2004). This right concerns the introduction of out-of-court testimonial statements when the defendant does not have, or has not previously had, the opportunity to cross-examine the witness. *People v Nunley*, 491 Mich 686, 698; 821 NW2d 642 (2012). Statements are considered "testimonial" when "the primary purpose of the statements or the questioning that elicits them is to establish or prove past events potentially relevant to later criminal prosecution." *People v Dinardo*, 290 Mich App 280, 288; 801 NW2d 73 (2010) (citations and quotation marks omitted).

We conclude that the label on the evidence envelope was not particularly "akin to the types of extrajudicial statements—such as affidavits, depositions, prior testimony, and confessions—that *Crawford* included in the core class of testimonial statements." *Nunley*, 491 Mich at 706. Rather, the label on the envelope primarily served an administrative purpose: to document or catalog the evidence that the envelope contained. Given the circumstances, and, significantly, given counsel's failure to object to the admission of the exhibit in question,[2] we find no plain error affecting substantial rights.

---

[2] Counsel affirmatively stated that he had "[n]o objection" to the admission of the exhibit.

Defendant next argues that offense variables (OVs) 9, 16, and 18 were improperly scored by the trial court. Notably, defendant limits his argument to the scoring of the guidelines from a sentencing information report (SIR) created for a conviction of discharging a firearm at a dwelling. The trial court, however, is only required to score the guidelines for a defendant's highest-crime-class offense, which, in the period applicable to this case,[3] was felon in possession of a firearm. *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014); *People v Mack*, 265 Mich App 122, 127-128; 695 NW2d 342 (2005). The guidelines range determined for the lower-crime-class offense (discharging a firearm at a dwelling) would be "subsume[d]" by the guidelines range for the highest-crime-class offense (felon-in-possession). *Lopez*, 305 Mich at 691-692. Thus, any potential error in the scoring of the OVs in the SIR pertaining to discharging a firearm at a dwelling would be harmless. Nevertheless, disregarding for the moment the Sixth Amendment challenge set forth below, we have reviewed defendant's challenges to OVs 9, 16, and 18 and find no grounds for resentencing.

Finally, defendant raises a Sixth Amendment challenge based on *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). He argues that OV 9 and OV 16[4] were scored based on facts not admitted by him or necessarily found by the jury. In *Lockridge*, 498 Mich at 364, the Michigan Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient." This holding meant that "to the extent that the OVs scored on the basis of facts not admitted by defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e. the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." *Id*. at 373-374. The Court remedied the constitutional violation by severing MCL 769.34(2) to the extent it made the sentencing guidelines mandatory, and it found that the recommended minimum guidelines range was merely advisory. *Lockridge*, 498 Mich at 364-365.

We agree with defendant that OV 9[5] and OV 16[6] were scored on the basis of facts not admitted by him or necessarily found by the jury. By scoring each of these variables at zero points, defendant's recommended minimum guidelines range is altered. Thus, judge-found facts

---

[3] MCL 777.16m was subsequently amended to change the classification for intentionally discharging a firearm at a dwelling or occupied structure. 2014 PA 192.

[4] Defendant also argues that OV 18 was scored using facts not found by the jury or admitted by defendant in violation of the Sixth Amendment. However, OV 18 was not scored in defendant's Sentencing Information Report for the highest-crime-class sentencing offense, felon-in-possession. Thus, the alleged constitutional error cannot be said to have increased defendant's recommended minimum sentence.

[5] OV 9 pertains to the number of victims "placed in danger of injury or loss of life or property . . . ." MCL 777.39(2)(a).

[6] OV 16 pertains to "property obtained, damaged, lost, or destroyed," and provides for points based on the value of that property. MCL 777.46.

were impermissibly used to increase the floor of the sentencing guidelines range, establishing a Sixth Amendment violation. *Id.* at 388-389. Defendant is, therefore, entitled to a remand based on the procedure articulated in *Lockridge*. *Id.* at 397-398.

Defendant's convictions are affirmed but this case is remanded for further proceedings regarding sentencing. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan