#25842-r-GAS

**2011 S.D. 86**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

R.B.O., J.H.C., N.T.H., L.M.
L.Z., K.T., J.J., and B.S.,                                 Plaintiffs and Appellees,

    v.

PRIESTS OF THE SACRED HEART,              Defendant and Appellant,

    and

THE CATHOLIC DIOCESE OF SIOUX FALLS;
(The) CONGREGATION OF THE PRIESTS OF
THE SACRED HEART; INC., BROTHER
RUSS; FATHER WILLIAM PITCAVAGE, S.C.J.;
BROTHER DAVE; BROTHER BILL; AND
DEACON MARION QUAGLIARIELLO,
S.C.J.; FATHER THOMAS LIND, S.C.J.;
BROTHER MATTHEW L. MILES,                    Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BRADLEY G. ZELL
Judge

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 3, 2011

OPINION FILED **12/14/11**

MICHAEL SHUBECK
Law Offices of Gregory A. Yates
Rapid City, South Dakota

and

REBECCA RHOADES of
Manly & Stewart
Newport Beach, California                    Attorneys for plaintiffs
                                             and appellees.


ROBERT B. ANDERSON of
May, Adam, Gerdes and Thompson
Pierre, South Dakota                         Attorneys for defendant
                                             and appellant.

#25842

SEVERSON, Justice

[¶1.] Former students of a parochial school brought an action against the Priests of the Sacred Heart, Inc. (PSH) and other defendants, asserting claims of childhood sexual abuse. PSH filed a motion to dismiss the action on the grounds that the former students failed to timely serve process on PSH in accordance with South Dakota law. The circuit court denied the motion to dismiss, finding the former students substantially complied with the applicable service-of-process statute. The circuit court also found service of process on PSH was valid under SDCL 15-2-31. We reverse.

## BACKGROUND

[¶2.] R.B.O., J.H.C., N.T.H., L.M., L.Z., K.T., J.J. and B.S. (Plaintiffs) are members of a recognized Native American tribe who attended St. Joseph's Indian Mission School (St. Joseph's) on the Lower Brule Indian Reservation in South Dakota. PSH is a religious organization with headquarters in Wisconsin. Plaintiffs allege that individual members of PSH, while acting as employees or agents of St. Joseph's, sexually molested and assaulted them. Plaintiffs also allege that the Congregation of the Priests of the Sacred Heart, Inc. and the Catholic Diocese of Sioux Falls are liable for the childhood sexual abuse that allegedly occurred at St. Joseph's.[1]

[¶3.] In an initial attempt to commence this action against PSH, Plaintiffs delivered legal process to the Milwaukee County Sheriff's Office in late June

---

1. Plaintiffs also named several individual defendants in their complaint.

2010.  The Office of the Milwaukee County Sheriff served Amanda Milczarski on July 2, 2010.  Milczarski is a receptionist at the Development Office – Sacred Heart Monastery – Priests of the Sacred Heart, Reign of the Sacred Heart, Inc. (Development Office).  The Development Office is a separate corporate entity from PSH.  The address of the Development Office where Plaintiffs delivered legal process is not the address of PSH.

[¶4.]      The South Dakota Legislature amended the applicable statute of limitations in civil actions for childhood sexual abuse during the 2010 Legislative Session.  The amended statute, which went into effect July 1, 2010, provides that "no person who has reached the age of forty years may recover damages from any person or entity other than the person who perpetrated the actual act of sexual abuse."  SDCL 26-10-25.

[¶5.]      PSH filed a motion to dismiss on August 13, 2010, alleging Plaintiffs' service of process on Milczarski was insufficient because Milczarski was neither an employee nor agent of PSH.  Shortly thereafter, Plaintiffs hired a private process server, DDS Legal Support, to effectuate service on David Nagle, the registered agent of PSH.  But the documents Plaintiffs provided to DDS Legal Support did not list PSH as the party to be served.  Instead, the documents instructed DDS Legal Support to serve the "Congregation of the Priests of the Sacred Heart, Inc., by its Agent David Nagle."  On August 24, 2010, DDS Legal Support personally served Nagle.  A return of service was filed indicating that Nagle had been served on behalf of "(The) Congregation of the Priests of the Sacred Heart, Inc."

[¶6.]    In an order entered December 20, 2010, the circuit court denied PSH's motion to dismiss. The circuit court found Plaintiffs substantially complied with SDCL 15-6-4(d)(1), South Dakota's statute governing requirements for personal service on a business entity. In addition, the circuit court found service of process on PSH was in compliance with SDCL 15-2-31.

## STANDARD OF REVIEW

[¶7.]    "[W]hen a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper." *Grajczyk v. Tasca*, 2006 S.D. 55, ¶ 22, 717 N.W.2d 624, 631 (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.,* 51 F.3d 1383, 1387 (8th Cir. 1995)). Whether a plaintiff has presented a prima facie case of sufficient service of process is reviewed by this Court de novo, with no deference given to the circuit court's legal conclusions. *Id.* (citing *Northrup King Co.,* 51 F.3d at 1387).

## DECISION

[¶8.]    **Whether the circuit court erred when it determined that service of process on PSH was valid under South Dakota law.**

[¶9.]    We have recognized that "[p]roper service of process is no mere technicality: that parties be notified of proceedings against them affecting their legal interests is a 'vital corollary' to due process and the right to be heard." *Spade v. Branum*, 2002 S.D. 43, ¶ 7, 643 N.W.2d 765, 768 (citing *Schroeder v. City of New York*, 371 U. S. 208, 212, 83 S. Ct. 279, 282, 9 L. Ed. 2d 255, 259 (1962)). Thus, service of process serves two important functions: "first, to advise that a legal proceeding has been commenced, and, second, to warn those affected to appear and

respond to the claim." *Id.* (quoting *Wagner v. Truesdell*, 1998 S.D. 9, ¶ 8, 574 N.W.2d 627, 629).

[¶10.]     The South Dakota Legislature has enacted statutes that specify the means of ensuring proper service.  SDCL 15-6-4(d)(1) governs personal service of process on a business entity.  The statute provides service of process must be delivered to the following individuals:

> the president, partner or other head of the entity, officer, director, or registered agent thereof.  If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office . . . .

SDCL 15-6-4(d)(1).  The statutory list of parties that are authorized to receive service under SDCL 15-6-4(d)(1) is exhaustive and compliance with the statute is not discretionary.  *White Eagle v. City of Fort Pierre*, 2000 S.D. 34, ¶¶ 9-11, 606 N.W.2d 926, 929 (citing *Matter of Gillespi*, 397 N.W.2d 476, 478 (S.D. 1986)).

[¶11.]     In this case, we must first determine whether the notice requirements of SDCL 15-6-4(d)(1) were satisfied when the Office of the Milwaukee County Sheriff served Milczarski on July 2, 2010.  Milczarski is a receptionist at the Development Office, a corporate entity separate from PSH.  Milczarski does not hold any office with PSH.  Nor does she serve as the registered agent of PSH.  Plaintiffs' attempt to initiate this action against PSH by serving Milczarski was not effective because Milczarski is not authorized to receive service on behalf of PSH under SDCL 15-6-4(d)(1).

[¶12.]     Nonetheless, Plaintiffs contend that service on PSH was completed August 24, 2010, the date DDS Legal Support served Nagle, the registered agent of

PSH. However, the documents Plaintiffs provided to DDS Legal Support did not list PSH as the party to be served. The return of service indicates that Nagle was served on behalf of the Congregation of the Priests of the Sacred Heart, Inc. The fact that Plaintiffs directed DDS Legal Support to deliver the summons to Nagle on behalf of the wrong defendant is significant because the summons itself was not specifically directed to PSH. Instead, the summons was directed to all of the defendants to the action, including the Congregation of the Priests of the Sacred Heart, Inc.[2] Under these facts, Plaintiffs have failed to effectuate service on PSH in accordance with South Dakota law.[3]

---

2.  SDCL 15-6-4(a) sets forth the requirements for a valid summons:

> The summons shall be legibly subscribed by the plaintiff or his attorney and shall include the subscriber's address. *It shall be directed to the defendant*, and shall require him to answer the complaint and serve a copy of his answer on the subscriber at the subscriber's address within thirty days after the service of the summons, exclusive of the day of service, and shall notify him that in case of his failure to answer, judgment by default may be rendered against him as requested in the complaint.

(Emphasis added.)

3.  Plaintiffs submitted a California proof of service form as evidence that process was served on PSH. PSH argues that this form does not comply with South Dakota requirements for proof of service because under SDCL 15-6-4(g), if proof of service is made by a person other than a sheriff or county constable, an affidavit is required. This issue was not raised before the circuit court. "[I]ssues not addressed or ruled upon by the [circuit] court will not be addressed by this Court for the first time on appeal." *Watertown v. Dakota, Minn. & E.R.R. Co.*, 1996 S.D. 82, ¶ 26, 551 N.W.2d 571, 577 (citations omitted).

*Substantial Compliance*

[¶13.]        Plaintiffs argue that service of process on Nagle was valid because Plaintiffs substantially complied with the personal service mandates of SDCL 15-6-4(d)(1).  In support of their argument, Plaintiffs cite *Wagner*, in which this Court recognized that "actual notice coupled with substantial compliance is sufficient to satisfy personal service of process requirements . . . ." 1998 S.D. 9, ¶ 9, 574 N.W.2d at 629.  In *Wagner*, we defined substantial compliance as follows:

> "Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute.  It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted.  Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served.  What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Id*. ¶ 7 (quoting *State v. Bunnell*, 324 N.W.2d 418, 420 (S.D. 1982)).

[¶14.]        In applying this definition to the facts in *Wagner*, we determined that the process server substantially complied with SDCL 15-6-4(d)(10), South Dakota's personal service statute, when he delivered a summons to the defendant's caretaker who was living with the defendant.  *Id*. ¶¶ 4 & 11.  Although the defendant in *Wagner* was in the dwelling at the time service was delivered to his caretaker, the defendant could not receive process because he suffered from Alzheimer's Disease and was unable to manage his personal or business affairs.  *Id*. ¶ 3.  After considering "the realities" of the case, we held that a strict reading of SDCL 15-6-4(d)(10) "would be an absurdity" because even if service had been made on the defendant, the caretaker would have immediately taken the papers away

from the defendant to give to the defendant's attorney. *Id*. ¶ 10. Thus, we concluded that "[t]here logically is no need in this case for that 'middle-person' step to fulfill the purpose of SDCL 15-6-4(d)(10)." *Id*.

[¶15.] Here, Plaintiffs argue that because DDS Legal Support delivered a copy of the summons to the registered agent of PSH, Plaintiffs substantially complied with the notice requirements of SDCL 15-6-4(d)(1). However, as previously noted, the documents Plaintiffs provided to DDS Legal Support indicated that the Congregation of the Priests of the Sacred Heart, Inc. was the party to be served, not PSH. The summons itself was directed to all of the defendants to the action, including the Congregation of the Priests of the Sacred Heart, Inc. Given that the service was directed to a different corporation, PSH could reasonably be confused about the service, especially given that the Congregation of the Priests of the Sacred Heart, Inc. is another named defendant in the action. In light of these facts, there was a logical need for Plaintiffs to direct service to the correct business entity. Thus, this case is distinguishable from *Wagner*.

[¶16.] In *White Eagle*, we considered whether a plaintiff substantially complied with SDCL 15-6-4(d)(4) when it attempted to commence an action against the City of Fort Pierre by serving the city's financial officer instead of the "mayor or any alderman or commissioner" as required under the statute. 2000 S.D. 34, ¶ 3, 606 N.W.2d at 927. We held the substantial compliance doctrine was inapposite because the applicable notice statute "ha[d] not been followed sufficiently to carry

out the intent for which it was adopted." *Id.* ¶ 14. The facts of this case warrant the same conclusion.

[¶17.]     Although we have acknowledged that one purpose of service of process is to provide notice to a defendant that an action or proceeding has been commenced against him, we have emphasized notice alone is not sufficient. *Wagner,* 1998 S.D. 9, ¶ 9, 574 N.W.2d at 629. "Actual notice will not subject defendants to personal jurisdiction absent *substantial compliance* with [the governing service-of-process statute]." *Id.* (quoting *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988)). Because Plaintiffs failed to direct service to PSH, they have failed to substantially comply with South Dakota's statutory notice requirements. We thus hold the circuit court erred in denying PSH's motion to dismiss.[4]

[¶18.]     Reversed.

[¶19.]     GILBERTSON, Chief Justice, and ZINTER, Justice, and THORSTENSON, Circuit Court Judge, concur.

[¶20.]     THORSTENSON, Circuit Court Judge, sitting for KONENKAMP, Justice, disqualified.

[¶21.]     WILBUR, Justice, did not participate.

---

4.     Plaintiffs also argue that service of process on PSH was in compliance with SDCL 15-2-31. Under this statute, the time for service is extended 60 days when a summons is delivered to the sheriff or other authorized officer with the intent that it be served on the defendant. However, for SDCL 15-2-31 to apply, service must be effectuated within the 60-day time extension. Because Plaintiffs failed to properly serve PSH, we hold that SDCL 15-2-31 is inapplicable.