#27235-rev & rem-LSW

**2015 S.D. 56**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

GRANT RUSH,                                   Plaintiff and Appellant,

    v.

JULIE RUSH,                                   Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
TRIPP COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KATHLEEN F. TRANDAHL
Judge

* * * *

BROOKE D. SWIER SCHLOSS
SCOTT R. SWIER of
Swier Law Firm, Prof. LLC
Avon, South Dakota                            Attorneys for plaintiff
                                              and appellant.


STEPHANIE E. POCHOP
KELSEA K. SUTTON of
Johnson Pochop & Bartling, LLC
Gregory, South Dakota                         Attorneys for defendant
                                              and appellee.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 20, 2015

OPINION FILED **07/01/15**

WILBUR, Justice

[¶1.]    Grant Rush filed an action for divorce in Tripp County, South Dakota. The circuit court dismissed the action for lack of personal jurisdiction and, alternatively, on the basis of the forum non conveniens doctrine. We reverse and remand.

## Background

[¶2.]    Julie and Grant Rush were married on January 6, 1990, in Montgomery County, Pennsylvania. They have two adult sons, both of whom are alleged to be disabled. Julie, Grant, and their two sons resided together in Philadelphia, Pennsylvania, until as late as June 29, 2012. Shortly after June 29, 2012, Grant left the marital home without notice to Julie or their children and moved into his mother's home in Winner, South Dakota. Julie and the children continued to reside at the marital home in Pennsylvania.

[¶3.]    On July 25, 2012, Julie filed a "Uniform Support Petition" in Pennsylvania seeking child and spousal support. Pennsylvania law authorizes child support for disabled adult children. The circuit court in this action stated, "In a significant difference from South Dakota law, under Pennsylvania law[,] parents may have an ongoing legal duty to provide child support for an adult child who has a physical or mental condition at the time the child reaches 18 and that prevents the adult child from becoming self-supporting[.]" On July 30, 2012, five days after Julie filed her Uniform Support Petition, Grant filed for a divorce in Tripp County, South Dakota. Grant alleged that he was a resident of Winner, South Dakota, for purposes of personal jurisdiction. Grant mailed a copy of the summons and

complaint, as well as notices of admission of service, to Julie the same day he filed for a divorce—July 30, 2012. Julie signed an admission of service on August 17, 2012.

[¶4.] On April 4, 2014, Julie filed a motion to dismiss the divorce action for lack of personal jurisdiction. The circuit court conducted a hearing on May 6, 2014, and issued findings of fact and conclusions of law on October 2, 2014. The court dismissed the divorce action "for lack of jurisdiction and on the grounds of the forum non conveniens doctrine." In support of dismissal for lack of personal jurisdiction, the court found "Grant was unable to credibly establish many of the primary hallmarks of true South Dakota residency at the time he filed for divorce in this state." At the time Grant filed for a divorce on July 30, 2012, Grant did not own any real property in South Dakota. He did not have a South Dakota issued driver's license nor was he registered to vote in South Dakota. There was no evidence that Grant had any long-term plans to move to South Dakota before he filed for divorce. He did not advise important creditors, such as his medical care providers, that he was moving to South Dakota. The financial affidavit he filed with his divorce complaint indicated he was unemployed at the time he filed for divorce. Characterizing Grant's move to South Dakota, the court stated, "Grant's move . . . was sudden and part of an 'escape plan' that he kept from his wife."

[¶5.] Furthermore, the circuit court found, "Under the forum non conveniens doctrine, Pennsylvania is the more appropriate and convenient forum for this divorce matter." The court noted that there is "a pending, first-filed family law action in [Pennsylvania] where there is clear jurisdiction over both parties, and it

relates to at least some of the issues that would be addressed in this divorce proceeding[.]" The court found that private interest and public interest factors "clearly point in favor of trial in the alternative forum and support the conclusion that South Dakota is an inconvenient forum for this divorce action." The court concluded, "In consideration of justice, fairness and convenience to the parties, the witnesses and the courts, this [c]ourt is declining to exercise jurisdiction in this divorce action on the basis of South Dakota's forum non conveniens doctrine." Grant appeals and raises the following two issues for our review:

> 1. Whether the circuit court erred in dismissing Grant's divorce action for lack of personal jurisdiction.
>
> 2. Whether the circuit court erred in dismissing Grant's divorce action based on the doctrine of forum non conveniens.

**Standard of Review**

[¶6.] "We review findings of fact 'under the clearly erroneous standard of review.'" *Pieper v. Pieper*, 2013 S.D. 98, ¶ 12, 841 N.W.2d 781, 785 (quoting *Schieffer v. Schieffer*, 2013 S.D. 11, ¶ 15, 826 N.W.2d 627, 633). "The trial court's findings of fact are presumed correct and we defer to those findings unless the evidence clearly preponderates against them." *Parsley v. Parsley*, 2007 S.D. 58, ¶ 15, 734 N.W.2d 813, 817 (quoting *City of Deadwood v. Summit, Inc.*, 2000 S.D. 29, ¶ 9, 607 N.W.2d 22, 25). "Conclusions of law, however, are reviewed de novo, with no deference to the court's ruling." *Leonhardt v. Leonhardt*, 2014 S.D. 86, ¶ 15, 857 N.W.2d 396, 400 (citing *Summit*, 2000 S.D. 29, ¶ 9, 607 N.W.2d at 25).

## Analysis

[¶7.]    **1.**    **Whether the circuit court erred in dismissing Grant's divorce action for lack of personal jurisdiction.**

[¶8.]    Grant argues that he was a resident of South Dakota at the time he filed for a divorce in Tripp County, South Dakota, and that the circuit court clearly erred when it dismissed his divorce action for lack of personal jurisdiction. SDCL 25-4-30 provides:

> The plaintiff in an action for divorce or separate maintenance must, *at the time the action is commenced*, be a *resident* of this state, or be stationed in this state while a member of the armed services. Subsequently, the plaintiff need not maintain that residence or military presence to be entitled to the entry of a decree or judgment of divorce or separate maintenance.

(Emphasis added.)

### *Commencement of Action*

[¶9.]    In order for the circuit court to have personal jurisdiction over this divorce action, Grant must have been a resident of South Dakota "at the time the action [was] commenced." *Id.* An action is commenced in this state when the summons is served on the defendant. SDCL 15-2-30. Generally, service of process is made by delivering a copy of the summons to the defendant personally. *See* SDCL 15-6-4(d)(8). However, "[n]otwithstanding any other provision of law, a summons may be served upon a defendant in any action by mailing a copy of the summons, two copies of the notice and admission of service, conforming substantially to the form provided for in § 15-6-4(j), and a return envelope, postage prepaid, addressed to the sender." SDCL 15-6-4(i). *See also Parsley*, 2007 S.D. 58, ¶ 22, 734 N.W.2d at 819 ("A summons is properly served upon a defendant in any

action by mailing a copy of the summons and two copies of the notice and admission of service, assuming a copy of the admission of service is signed and returned by the party being served.").

[¶10.] Grant filed for a divorce and mailed a copy of the summons, two copies of the notice and admission of service, and a return envelope, postage prepaid, addressed to him on July 30, 2012, in compliance with SDCL 15-6-4(i). Julie signed the admission of service on August 17, 2012. Therefore, this divorce action was commenced on August 17, 2012—not on July 30, 2012. An action is not commenced under SDCL 15-6-4(i) when a plaintiff merely mails a copy of the summons and complaint to the defendant. Instead, an action is commenced either when the defendant is personally served or the defendant signs the admission of service. *See* SDCL 15-2-30 ("An action is commenced as to each defendant when the summons is *served on him* . . . ." (emphasis added)).

[¶11.] The plain language of SDCL 15-6-4(i) confirms that Grant's divorce action commenced on August 17, 2012. That statute indicates that if the defendant does not sign the admission of service within 20 days of mailing, the plaintiff must secure personal service. *See* SDCL 15-6-4(i) ("The notice and admission of service shall set forth that the failure to sign and return the admission of service within twenty days after the date of mailing without good cause will result in the court ordering the person so served to pay the costs of *personal service.*" (emphasis added)). The practical effect of this requirement is that service is not perfected until

the defendant signs the admission of service or is personally served.* "We have recognized that 'proper service of process is no mere technicality: that parties be notified of proceedings against them affecting their legal interests is a "vital corollary" to due process and the right to be heard.'" *JAS Enters., Inc. v. BBS Enters., Inc.*, 2013 S.D. 54, ¶ 13, 835 N.W.2d 117, 123 (quoting *R.B.O. v. Priests of the Sacred Heart*, 2011 S.D. 86, ¶ 7, 807 N.W.2d 808, 810). "Service of process advises a party that 'a legal proceeding has been commenced' and warns 'those affected to appear and respond to the claim.'" *Id.* (quoting *R.B.O.*, 2011 S.D. 86, ¶ 9, 807 N.W.2d at 810). Simply placing the summons and complaint in the mail under

---

\*     Other jurisdictions, in construing statutes similar to SDCL 15-6-4(i), have reached the same conclusion that an action is not commenced by mailing the summons and complaint. *See Young v. Mt. Hawley Ins. Co.*, 864 F.2d 81, 82 (8th Cir. 1988) (per curiam) (agreeing with the majority position that "if the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained"); *Coons v. St. Paul Cos.*, 486 N.W.2d 771, 775 (Minn. Ct. App. 1992) (holding that an action is not commenced until the defendant acknowledges the receipt of the summons and complaint); *Langowski v. Altendorf*, 812 N.W.2d 427, 433 (N.D. 2012) ("[S]ervice . . . is complete at the time of actual delivery and not when a summons is placed in the mail[.]"). The *Coons* decision involved a Minnesota statute substantially similar to SDCL 15-6-4(i). The court agreed that the statute "makes it clear that mailing a summons and complaint does not commence the action." *Coons*, 486 N.W.2d at 775 (quoting 1 David Herr & Roger S. Haydock, *Minnesota Practice* § 3.3 (1985)). Furthermore, the court noted that "[b]ecause the defendant is accordingly given the power to let the statute of limitations run before acknowledging receipt, or even simply to not acknowledge receipt, service by mail should be avoided at any time near the end of the period of limitations." *Id.* (quoting 1 Herr & Haydock, *supra*, § 3.3). The court further warned that "[b]ecause effective service under rule 4.05 requires the cooperation of defendants, plaintiffs should secure the cooperation of defendants before attempting service, or else plaintiffs should choose another method of service." *Id.*

SDCL 15-6-4(i) does not notify or warn a defendant of proceedings against him. Therefore, the circuit court erred when it concluded that the divorce action commenced when Grant mailed Julie a copy of the summons on July 30, 2012. Instead, the divorce action was commenced when Julie signed the admission of service on August 17, 2012. As a result, in order to confer personal jurisdiction on the circuit court under SDCL 25-4-30, Grant must have been a resident of South Dakota on August 17, 2012.

### *Residency*

[¶12.] The Legislature has not defined "resident" as it is used in SDCL 25-4-30. In *Parsley*, we said that "[i]t follows that the residence must be an actual residence as distinguished from a temporary abiding place[.]" 2007 S.D. 58, ¶ 17, 734 N.W.2d at 818 (quoting *Snyder v. Snyder*, 35 N.W.2d 32, 33-34 (Iowa 1948)). Importantly, the residence "must not be a residence solely for the purpose of procuring a divorce[.]" *Id.* (quoting *Snyder*, 35 N.W.2d at 34); *see also Yost v. Yost*, 72 N.W.2d 689, 694-95 (Neb. 1955) (recognizing the principle that a plaintiff does not establish residency for purposes of a divorce action when the sole purpose for the residency is to obtain the divorce).

[¶13.] In *Parsley*, we upheld the circuit court's conclusion that the plaintiff, Duane Parsley, was a resident of South Dakota. 2007 S.D. 58, ¶ 19, 734 N.W.2d at 818-19. In that case, "[t]he circuit court heard abundant evidence that Duane had lengthy ties to South Dakota[.]" *Id.* ¶ 19, 734 N.W.2d at 818. The plaintiff introduced evidence that he listed Jones County, South Dakota, as his county of residence when filing federal income tax returns. *Id.* ¶ 18, 734 N.W.2d at 818.

Duane had acquired real property in South Dakota "with intentions of constructing and establishing a home for his family." *Id.* He had registered vehicles in South Dakota, obtained a South Dakota driver's license, and registered to vote. Duane further testified and introduced evidence of his participation in community activities and organizations in South Dakota. We concluded that these facts supported the circuit court's finding of residency and that "there is nothing to indicate that Duane established this residency for purposes of obtaining a divorce." *Id.* ¶ 19, 734 N.W.2d at 818-19.

[¶14.] Likewise, Grant has demonstrated that he was a resident of South Dakota on August 17, 2012. Similar to *Parsley*, Grant obtained a South Dakota driver's license on August 3 and registered to vote in the state on August 6. The record further shows that Grant moved to South Dakota on or around June 29, 2012, and resided in South Dakota for over 45 days before he commenced this action. Grant began to receive his mail in Winner, South Dakota, on July 1. Grant obtained a South Dakota telephone number on July 5 and opened a South Dakota bank account with First Fidelity Bank of Winner and made a deposit on July 9. Grant also found employment at Community Connections in Winner, South Dakota. He introduced a copy of his first paycheck from Community Connections for the pay period of July 24 to August 6.

[¶15.] The circuit court expressed concern that Grant may have attempted to establish residency for the sole purpose of obtaining a divorce in South Dakota under more favorable child support laws. Unlike Pennsylvania, South Dakota has no provision requiring that Grant support his adult children. But, simply because

of that fact, Grant should not be prevented from obtaining residency in South Dakota. There is substantial evidence in the record that Grant established actual residency in South Dakota by August 17, 2012, for purposes other than obtaining a divorce. Therefore, the circuit court erred when it concluded that it did not have personal jurisdiction over the parties in this proceeding.

[¶16.]    **2.    Whether the circuit court erred in dismissing Grant's divorce action based on the doctrine of forum non conveniens.**

[¶17.]    Having concluded that the circuit court had personal jurisdiction to hear the divorce action, we next consider whether the circuit court erred in dismissing the divorce action under the doctrine of forum non conveniens. The court stated, "There is a pending, first-filed family law action in that state where there is clear jurisdiction over both parties, and it relates to at least some of the issues that would be addressed in this divorce proceeding if it were to be tried in Tripp County, South Dakota." Thus, the court concluded, "Under the forum non conveniens doctrine, Pennsylvania is the more appropriate and convenient forum for this divorce matter."

[¶18.]    In *Lustig v. Lustig*, 1997 S.D. 24, ¶ 12, 560 N.W.2d 239, 244, we said that "[n]o margin within SDCL 15-5-11(3) and [SDCL] 25-4-30.1 grants our courts the means to dismiss divorce actions, properly commenced first in South Dakota, in favor of another state's jurisdiction." We reaffirmed this conclusion in *Langdeau v. Langdeau*, 2008 S.D. 44, ¶ 18, 751 N.W.2d 722, 729. The record is clear that there is no pending *divorce* proceeding in Pennsylvania. At most, there is a pending support action. The rule in *Lustig* and *Langdeau* plainly states that "[c]ircuit courts

may not refuse to hear *divorce* proceedings properly commenced *first* in South Dakota, in favor of another state's jurisdiction." *Langdeau*, 2008 S.D. 44, ¶ 18, 751 N.W.2d at 729 (emphasis added) (citing *Lustig*, 1997 S.D. 24, ¶ 14, 560 N.W.2d at 245).

[¶19.]	We further reject Julie's argument that *Rothluebbers v. Obee*, 2003 S.D. 95, 668 N.W.2d 313, controls our application of the forum non conveniens doctrine in this case. Julie contends that we should apply *Rothluebbers* to this case instead of *Lustig* and *Langdeau*. In *Rothluebbers*, we stated that "the doctrine of forum non conveniens is alive and well in the State of South Dakota." *Id.* ¶ 7, 668 N.W.2d at 317. But *Rothluebbers* involved a personal injury action rather than a divorce action. Based on that distinction, we expressly stated in *Rothluebbers* that *Lustig* did not control the application of the forum non conveniens doctrine because "*Lustig* was a divorce and child custody case." *Id.* ¶ 6 n.2, 668 N.W.2d at 317 n.2 (acknowledging that circuit courts may not "dismiss divorce actions, properly commenced first in South Dakota, in favor of another state's jurisdiction" (quoting *Lustig*, 1997 S.D. 24, ¶ 12, 560 N.W.2d at 244)). Consequently, because Grant properly commenced the divorce action in South Dakota and no divorce action had ever been commenced in Pennsylvania, the circuit court erred by dismissing this action.

[¶20.]	We reverse and remand.

[¶21.]	GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.